UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WAVEFRONT TECHNOLOGY SOLUTIONS, INC., *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION H-11-383 |
| ELAINE MORTON, *et al.*, | § § § | |
| *Defendants*. | § | |

**ORDER**

Pending before the court is the Magistrate Judge's Memorandum & Recommendation (Dkt. 88) recommending that defendant Elaine Morton's ("Morton") motion to dismiss (Dkt. 61), motion for relief (Dkt. 64), motion to vacate (Dkt. 70), motion to change venue (Dkt. 78), and motion to strike (Dkt. 83) be denied. Dkt. 88 at 2. The Magistrate Judge further recommends that plaintiffs Wavefront Technology Solutions, Inc. and Wavefront Technology Solutions USA Inc.'s (collectively, "Wavefront") motion for summary judgment (Dkt. 76) be granted in part and denied in part. *Id.*

Having reviewed the Memorandum & Recommendation, the relevant documents within the record, the parties' objections, and the applicable law, the court **ADOPTS IN PART** the Magistrate Judge's Memorandum & Recommendation. The court explains its reasoning as to Morton's and Wavefront's pending motions in turn.

I.   **Morton's Motions**

The Magistrate Judge recommends that each of Morton's five pending motions be denied. Dkt. 88 at 2. Although Morton filed an objection to the Magistrate Judge's Memorandum and

Recommendation, she does not object to the recommended dismissal of her pending motions. *See* Dkt. 95 at 2 (objecting only to further extensions of time provided to plaintiffs). The court thus **ADOPTS** the Magistrate's recommendation that Morton's pending motions be **DENIED**.

## II.     Wavefront's Motion for Summary Judgment

Wavefront moves for summary judgment on seven of its causes of action: (1) breach of contract; (2) fraud; (3) declaratory judgment; (4) defamation and business disparagement; (5) negligent misrepresentation; (6) false advertising under § 1125(A) of the Lanham Act; and (7) unfair competition under Texas common law.[1]

### A.     *Breach of Contract and Fraud*

The Magistrate Judge recommends that Wavefront's motion for summary judgment as to its breach of contract and fraud claims be granted in part and denied in part. Specifically, because Wavefront conclusively demonstrated each element of liability for these claims, the Magistrate Judge recommends that this court grant summary judgment as to liability. Dkt. 88 at 20, 23. However, the Magistrate Judge recommends that Wavefront's motion be denied as to damages because it did not present competent summary judgment evidence establishing an injury due to Morton's misconduct. *Id.* The Magistrate Judge notes that the court would "reconsider this determination upon Plaintiffs' filing of competent summary judgment evidence establishing the amount of damages" caused by Morton's breach of contract and fraud. *See id.* at 20.

Wavefront has since submitted a supplemental affidavit of its President Brett Davidson, who opines that Morton's breach and fraudulent conduct caused $100,000 in damages to Wavefront. Dkt.

---

[1] Wavefront pled a claim for unfair competition under § 1125(a) of the Lanham Act in its Complaint (Dkt. 1 at 15), but Wavefront did not move for summary judgment on this claim.

94, Ex. 1 at 9–10. Morton does not dispute this opinion, and thus Wavefront has established damages for its contract and fraud claims as a matter of law. However, because Wavefront elected declaratory relief in lieu of money damages (as discussed below), Wavefront's motion for summary judgment as to its breach of contract and fraud causes of action is **DENIED AS MOOT**.

### B. *Declaratory Judgment*

Wavefront also seeks a declaration that it owns the Wagner Patent at issue in this litigation, arguing that Morton breached the agreement to license the patent to Wavefront. Dkt. 88 at 27. However, because Wavefront cannot recover money damages for Morton's breach *and* obtain equitable relief for the same misconduct, the Magistrate Judge recommends that summary judgment for declaratory relief be denied pending Wavefront's election of remedy. *Id.* at 28. Wavefront has since chosen declaratory judgment as its preferred remedy, Dkt. 91 at 2, and thus summary judgment on Wavefront's claim for declaratory judgment is **GRANTED**.

### C. *Defamation & Business Disparagement*

Wavefront objects to the Magistrate Judge's recommendation that summary judgment be denied as to its defamation and business disparagement claims. *Id.* Wavefront contends that it has produced sufficient evidence to establish that Morton, acting under the pseudonym "Whimsical," posted each of the allegedly defamatory statements on www.stockhouse.com. *Id.* at 2–3. Morton responds that multiple users blog on the stockhouse website, including members with access to her computer. Dkt. 95 at 2. After reviewing Wavefront's evidence, the Magistrate Judge determined as a matter of law that Morton had posted one defamatory statement as "Whimsical" because Morton had also included her email address in that posting. Dkt. 88 at 30. But the Magistrate Judge did not

3

make the inferential leap that Morton posted every other "Whimsical" statement, none of which included Morton's email address. *Id.*

In the absence of any conclusive evidence connecting Morton to the other alleged defamatory statements published by "Whimsical," the court agrees that Wavefront has not met its heavy burden to establish all the elements of its defamation and business disparagement claims as a matter of law. *See, e.g.*, *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1994 (5th Cir. 1986) ("If the movant bears the burden of proof on an issue, . . . he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor.") (emphasis in original). Further, although Wavefront has presented authenticated summary judgment evidence on the issue of damages, Dkt. 94, its expert's opinion is predicated on damages due to *all* of Morton's allegedly defamatory statements, including those that Wavefront has not conclusively proven are attributable to Morton. Wavefront's motion for summary judgment on its defamation and business disparagement claims is **DENIED**.

### D.     *Negligent Misrepresentation, False Advertising, and Unfair Competition*

Lastly, Wavefront moves for summary judgment on three other claims: (1) negligent misrepresentation; (2) false advertising; and (3) unfair competition under Texas common law. The Magistrate Judge recommends that summary judgment on these claims be denied, and Wavefront did not object. Wavefront's motion for summary judgment on these three claims is **DENIED**.

### III.   Conclusion

To summarize, the court adopts the Magistrate Judge's Memorandum and Recommendation in part, holding as follows regarding Morton and Wavefront's pending motions:

(1)  Morton's motion to dismiss (Dkt. 61), motion for relief (Dkt. 64), motion to vacate (Dkt. 70), motion to change venue (Dkt. 78), and motion to strike (Dkt. 83) are **DENIED**.

(2)  Wavefront's motion for summary judgment (Dkt. 76) is **GRANTED IN PART** and **DENIED IN PART**:

   (a)  The motion as to the breach of contract and fraud claims is **DENIED AS MOOT.**

   (b)  The motion as to the declaratory judgment claim is **GRANTED**.

   (c)  The motion as to Wavefront's claims for defamation, business disparagment, negligent misrepresentation, false advertising, and unfair competition under Texas common law is **DENIED**.

It is so **ORDERED**.

Signed at Houston, Texas on July 9, 2012.

_____
Gray H. Miller
United States District Judge